MARTIN, Circuit Judge,
concurring in the judgment:
Counsel’s performance at the penalty phase of Donnie Lance’s capital murder trial was unquestionably deficient. Trial counsel conducted no investigation into Mr. Lance’s background or mental health. And at trial, counsel offered nothing in mitigation. As a result, the jurors that decided whether Mr. Lance should live or die never learned any facts that gave them a reason not to sentence him to death. The jury never heard that Mr. Lance had suffered from repeated head trauma, including the time he was shot in the head, and was brain-damaged as a result. Neither did the jury learn of his dementia or his borderline intellectual functioning. Because the jury did not know of Mr. Lance’s mental impairments, it could not “accurately gauge his moral culpability.” Porter v. McCollum, 558 U.S. 30, 41, 130 S.Ct. 447, 454, 175 L.Ed.2d 398 (2009). Had the jury heard the mitigating evidence uncovered during postconviction proceedings, there is, in my view, a “reasonable probability that at' least one juror would have struck a different balance” between the aggravating and mitigating factors. Wiggins v. Smith, 539 U.S. 510, 537, 123 S.Ct. 2527, 2543, 156 L.Ed.2d 471 (2003).
Our death penalty jurisprudence is premised on the idea that only those most deserving should receive the ultimate punishment. See Woodson v. North Carolina, 428 U.S. 280, 304, 96 S.Ct. 2978, 2991, 49 L.Ed.2d 944 (1976). That being the case, *577 the “primary purpose” of the penalty phase of a capital trial is to ensure that the sentence is individualized “by focusing on the particularized characteristics of the defendant.” Brownlee v. Haley, 306 F.3d 1043, 1074 (11th Cir. 2002) (quotation omitted and alteration adopted). This process doesn’t work, however, when counsel fails to perform a constitutionally adequate mitigation investigation, thereby denying the defendant the opportunity to make the case that he should live. I respectfully disagree with the Georgia Supreme Court’s conclusion that Mr. Lance failed to show prejudice here. The habeas court disagreed with this conclusion as well, and so found that Mr. Lance was entitled to relief on his ineffective assistance claim and vacated his death sentences.
However, it is not the job of this Court to decide the merits of Mr. Lance’s ineffective assistance claim in the first instance. Rather, the Antiterrorism and Effective Death Penalty Act (“AEDPA”), 28 U.S.C. § 2254, allows a federal court to grant relief to a state prisoner challenging his conviction or sentence only if the state court’s decision involves an unreasonable application of the law or is based on an unreasonable determination of the facts. Id. § 2254(d). Despite my belief that the Georgia Supreme Court got this wrong, I acknowledge that fairminded judges can disagree. See Harrington v. Richter, 562 U.S. 86, 101, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011) (“A state court’s determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court’s decision.” (quotation omitted)). For that reason, I concur with the majority’s holding that Mr. Lance is not entitled to federal habeas relief on his claims.